### SIELAFF *v.* WOODRUFF.

EXECUTION—SALE—REDEMPTION—EQUITY.

A demurrer to complainant's bill to redeem from an execution sale of real property was rightly sustained where the pleading charged no fraud or inequitable conduct, and it did not appear from its averments that an undue proportion of the real property was sold to satisfy the indebtedness, complainant claiming that he was ill and unable to secure funds or attend to business

Appeal from Wayne; Codd, J. Submitted June 18, 1912. (Docket No. 145.) Decided July 10, 1912.

Bill by Emil Sielaff against Ari E. Woodruff to redeem from a sale on execution of certain land. From an order sustaining a demurrer to complainant's bill, he appeals. Affirmed.

*George W. Coomer* (*John Boughton*, of counsel), for complainant.

*Frank W. Atkinson*, for defendant.

MOORE, C. J.    This bill of complaint is filed for the purpose of allowing the complainant an opportunity to redeem from a sale of land made by a sheriff.    It recites, in substance, that complainant was the owner of 20 acres of land worth $1,000.    That on or about the 16th day of March, A. D. 1908, Charles Sielaff and Louisa Sielaff, as defendants, obtained against complainant a judgment in the circuit court for the county of Wayne for the sum of about $73.    That an execution was issued and levied upon said land, and that the sheriff sold on the 6th day of June, A. D. 1908, said premises to Charles Sielaff and Louisa Sielaff for the sum of $92.32.

"That your orator was severely injured in a collision with an electric car in the city of Detroit in said county on or about the 30th day of November, 1909, and from the effects of such injury he has not recovered sufficiently to attend to any business matters whatever, and in fact such injuries have been growing more aggravated, thereby rendering your orator so weak physically that for the past two months and upwards he has been unable to leave his home for a distance of more than a couple of miles; that during such time the wife of your orator and a son, a mere lad, have been the principal persons to attend the farm and look after the business of your orator.

"6. That owing to the physical infirmities of your orator, and his inability to perform manual labor so as to render his farm as productive as it ought to have been, thereby affording your orator sufficient means wherewith to meet his obligations, and particularly to pay the judgment in question and redeem the land hereinbefore described, it became necessary for your orator to negotiate a loan of money with which to meet and pay such pressing obligations; that, owing to the infirm physical condition of your orator and his inability to leave his home, the duty of loaning money devolved upon the wife of your orator; that about one month ago, and, as your orator believed, in sufficient time to redeem his said land from said sale, a loan of sufficient money to redeem from such sale was secured, and your orator's wife was instructed by your orator to go to his attorney, George W. Coomer, and have him ascertain the amount of money necessary to redeem from said sale, and, upon his attorney furnishing

the information of the amount of money required for such redemption, your orator's wife was told by said attorney that in the meantime the said Charles Sielaff and Louisa Sielaff had obtained a sheriff's deed, and that it was too late to redeem said land.

"7. That your orator is informed and believes, and so charges the truth to be, that the said Charles Sielaff and Louisa Sielaff, soon after obtaining said sheriff's deed, immediately conveyed all their interest acquired by them under said deed to their attorney, Ari E. Woodruff, for a consideration of $1, both of said deeds having been recorded in the office of the register of deeds for said Wayne county.

"8. That your orator is willing to pay the amount of said judgment, interest, and all accrued costs upon being allowed to redeem the land hereinbefore described, which he has been prevented from doing by circumstances beyond his control.

"9. That the failure of your orator to redeem said land within the time prescribed by law has not been due to ignorance or negligence on his part, but solely to his inability to raise the money necessary to do so, due wholly to his physical infirmities hereinbefore described."

The prayer was for leave to redeem from the sale. A demurrer was interposed to the bill of complaint and was sustained, and the case is brought here for review.

There is no claim in the bill of complaint of fraud, or conspiracy or deception, nor does it appear that the land was so situated that an unnecessary amount of land was sold to satisfy the execution. Upon the averments of the bill, the court below did right to sustain the demurrer, but, if it is true that land worth $1,000 was sold to satisfy an execution calling for less than $100, so great a hardship has been done that we are constrained to allow complainant 30 days in which to amend his bill of complaint, so as to state a case for relief if the facts will warrant it.

The defendant will recover costs of this court.

STEERE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.